```
                                        ___ FILED           ___ RECEIVED
                                        ___ ENTERED         ___ SERVED ON
                                                    COUNSEL/PARTIES OF RECORD

                                          APR 1 3 2009

                                        CLERK US DISTRICT COURT
                                          DISTRICT OF NEVADA
                                        BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA | 3:08-cv-00505-BES-VPC |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| DAVID MATLEAN, | April 13, 2009 |
| Defendant. | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant David Matlean's ("defendant") notice of removal and application to proceed without prepayment of fees (#1).

## I. PROCEDURAL BACKGROUND

Defendant was subject to a traffic stop by Nevada Highway Patrol on July 18, 2008, and was issued a ticket for driving without a license and without insurance, and failure to display a front license plate (#1-2, p. 6). Defendant was summoned to appear at the Justice Court of East Fork Township, County of Douglas, State of Nevada, for charges of "Driving without a Valid Drivers License a violation of NRS 483.550, a misdemeanor, No Front License Plate, a violation of NRS 482.275, a misdemeanor and No Valid Insurance in Vehicle Expired 1-12-08, a violation of NRS 485.187, a misdemeanor." *Id.*, p. 39. Defendant filed a motion to dismiss in the East Fork Justice Court, *Id.* p. 7-38, which was denied on September 16, 2008. *Id.* p. 41. On September 19, 2008, defendant then filed the instant notice of removal. *Id.* p. 1-6. Defendant argues that he has grounds for removal because plaintiffs, the State of Nevada, Douglas County, and its agents, employees, and elected officials, violated his constitutional rights to due process, equal protection, and right to travel when they fined defendant for his failure to have a drivers license and when the Justice of the Peace, District Attorney, and Sheriff each "failed or refuse[d] to provide a bond payable to the State and filed within the County in which he hold[s] office, [t]his

1  bond is a requirement before entering the duties of his office." *Id.* p. 2-3. Defendant also alleges

2  that plaintiffs violated his right to not be forced to enter into a contract for motor vehicle

3  insurance, that they extorted him by fining him fees "for not having a drivers license and for not

4  being forced into a contract," and that they committed fraud "by false representation of the truth

5  pertaining to the right to travel, interference with contractual obligations." *Id.* p. 3.

6          The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the

7  plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff

8  the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

9  Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

10                              **II. DISCUSSION & ANALYSIS**

11         **A.     Discussion**

12                 **1.     Removal to Federal Court**

13         28 U.S.C. § 1441 identifies the types of lawsuits that may be removed from a state court

14  to a federal district court. These include most diversity suits, most federal question suits, federal

15  question suits including a supplemental state law component where jurisdiction is conferred by

16  28 U.S.C. § 1331, and suits against foreign states. 28 U.S.C. § 1441(a)-(d). "The propriety of

17  removal...depends on whether the case originally could have been filed in federal court." *city of*

18  *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997). Under the federal question

19  statute, 28 U.S.C. § 1331, the district courts have original jurisdiction over cases "arising under

20  the Constitution, laws, or treaties of the United States." *Id.*

21         **B.     Analysis**

22                 **1.     Right to Travel**

23         Defendant argues that he can remove to federal court because plaintiffs have violated his

24  fundamental right to travel by requiring him to have a valid driver's license and liability

25  insurance. He claims that "[l]icensing, mandatory insurance or even wearing a seat belt cannot

26  be required of the free people, because taking on the restrictions of a licensing requires the

27  surrender of a right" (#1-2, p. 3).

28         "The word "travel" is not found in the text of the Constitution. Yet the constitutional right

                                              2

1  to travel from one State to another is firmly embedded in our jurisprudence." *Saenz v. Roe*, 526

2  U.S. 489, 498 (1999). The "right to travel" embraces three different components. "It protects the

3  right of a citizen of one State to enter and leave another State, the right to be treated as a welcome

4  visitor rather than an unfriendly alien when temporarily present in the second State, and, for those

5  travelers who elect to become permanent residents, the right to be treated like other citizens of

6  that State." *Id*. at 500.

7  Defendant claims that by requiring him to have a driver's license, the state is infringing

8  on his fundamental right to travel. However, defendant's right to travel is not implicated by such

9  a requirement. The State of Nevada is not prohibiting defendant from traveling to other states.

10  Defendant is free to travel over state lines at any time. However, if defendant wants to drive a

11  vehicle on the roads of this state, he is required to abide by this state's laws. *See* Nev. Rev. Stat.

12  ch. 483. All fifty states have laws that regulate driving, licensing, and insurance. These laws do

13  put some restrictions on drivers in that they require them to follow certain rules if they are to

14  enjoy the privilege of driving on public roads and highways. However, such requirements do not

15  impede defendant's right to travel. The second and third component of the right to travel are not

16  implicated in this case, as defendant is not alleging that any other state besides his state of

17  citizenship is interfering with his right to travel. As defendant's right to travel is not at issue in

18  this case, removal is not proper on this ground.

19  **2.    Due Process and Equal Protection**

20  Defendant contends that plaintiffs have violated his rights to due process and equal

21  protection of the law because the Justice of the Peace, District Attorney and Sheriff each failed

22  to provide a bond before entering the duties of their respective offices, as required by Nev. Rev.

23  Stat. §§ 4.030, 282.010, and 248.020(2) respectively. The Fourteenth Amendment guarantees that

24  no State shall "deprive any person of life, liberty or property, without due process of law; nor

25  deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend.

26  XIV, § 1. Defendant has not demonstrated that these state officials have failed to pay any required

27  bonds, nor has he explained how his rights to due process and equal protection are violated by any

28

3

such nonpayment. It appears that defendant was afforded notice and a hearing with regard to his traffic violations (#1-2, p. 41). Therefore, defendant's due process and equal protection rights are not at issue, and removal is not proper on these grounds.[1]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendant has not demonstrated grounds for removal. As such, the court recommends that defendant's notice of removal (#1) be **DENIED**, and that defendant's application to proceed without prepayment of fees (#1) be **DENIED as moot**.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///
///
///
///
///
///
///
///
///

[1]Defendant's remaining contentions all arise under state law (contract, extortion, and fraud). As removal is improper in this case, the court will not address these state law claims.

4

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Court enter an order as follows:

1. **DENYING** defendant's notice of removal (#1);

2. **DENYING as moot** defendant's application to proceed without prepayment of fees (#1); and

3. **DISMISSING** this case with prejudice.

**DATED:** April 13, 2009.

_____

**UNITED STATES MAGISTRATE JUDGE**